IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHARLES ANDERSON, #129 173    *

    Plaintiff,    *

    v.    * CIVIL ACTION NO. 2:04-CV-956-WKW
        (WO)
V. MCQUEEN    *

    Defendant.    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this complaint on October 7, 2004. On October 13, 2004 the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on December 13, 2004 which contained relevant evidentiary materials refuting the allegations presented in the instant complaint. The court then issued an order directing Plaintiff to file a response to Defendant's answer and written report. (Doc. No. 10.) Plaintiff was advised that his failure to respond to Defendant's answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id.* (emphasis in original). Additionally, Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. *Id.*

The time allotted Plaintiff for the filing of a response expired on January 11, 2005. Because Plaintiff filed nothing in opposition to Defendant's answer and written report as required by order filed December 22, 2004, the court entered a Recommendation on January 24, 2005 that the case be dismissed without prejudice for Plaintiff's failure to comply with the orders of the court and his failure to prosecute this action. An order adopting the December 22 Recommendation was filed February 11, 2005 and judgment was entered the same day.

On February 14, 2005 the court received a pleading from Plaintiff dated February 11, 2005 wherein he stated that he was transferred to Fountain Correctional Facility on December 20, 2004 and did not receive notice of Defendant's written report until January 4, 2005 and also had limited access to library facilities which made it difficult to comply with the court's directives. (*See* Doc. No. 14.) Upon consideration of Plaintiff's February 14, 2005 pleading, the court, by order entered March 21, 2005, vacated the order and final judgment entered on February 11, 2005, withdrew the January 24, 2005 Recommendation of the Magistrate Judge, and granted Plaintiff additional time to prosecute his complaint. Plaintiff received an extension from January 11, 2005 to April 11, 2005 to file his opposition to Defendant's answer and written report. As of the date of this order, Plaintiff has filed nothing in opposition to Defendant's answer and written report as directed by the court's March 21, 2005 order. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions

than dismissal are appropriate. After such review, it is clear that dismissal of this case is the proper sanction. Plaintiff is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 1, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 18th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE